IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **JEFFREY LAMONT POOL,** § | | |
| Institutional ID No. #02287504 § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 7:24-cv-36-O |
| § | | |
| **DIRECTOR, TDCJ-CID.,** § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION & ORDER

Petitioner Jeffrey Lamont Pool ("Pool"), proceeding pro se and *in forma pauperis*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 on March 15, 2024. ECF No. 1. Respondent submitted copies of Petitioner's pertinent state-court records and filed his answer and brief in support arguing Petitioner's claims are time barred. ECF Nos. 18, 19. Petitioner filed his reply. ECF No. 22. Having considered all pleadings, the record, and applicable authorities, the Court concludes that the petition should be **DISMISSED** with prejudice because it is barred by the applicable statute of limitations.

## I.  BACKGROUND

Respondent has lawful custody of Petitioner pursuant to a judgment of conviction from the 30th Judicial District Court, Wichita County, Texas, in cause number 59,746-A, styled *The State of Texas v. Jeffrey Lamont Pool*. ECF No. 19-15 at 1-4. A jury found Petitioner guilty of two counts of aggravated robbery with a habitual offender enhancement. Pool was sentenced to 99 years' imprisonment on each count, to run concurrently, on August 22, 2018. ECF No. 19-15 at 1, 4. Petitioner appealed his convictions and they were affirmed. *Pool v. State*, No. 07-18-358-CR,

2020 WL 4260377 (Tex. App.—Amarillo July 14, 2020). On April 14, 2021, the Texas Court of Criminal Appeals ("CCA") refused his petition for discretionary review. *Id*. Petitioner filed his state application for writ of habeas corpus at the earliest on August 15, 2022.[1] ECF No. 19-36 at 1-27. The CCA denied the application without written order on January 25, 2023. ECF No. 19-43. Petitioner then filed a Motion for Rehearing on February 7, 2023 and it was denied on March 3, 2023. ECF No. 19-45 at 1.

Petitioner filed this federal habeas petition on March 10, 2024. ECF No. 1. The Court understands Petitioner to challenge his conviction on eight grounds.[2] ECF No. 1 at 5-13. Respondent argues the Petition must be dismissed with prejudice because it is untimely.[3]

## II.  APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places a one-year statute of limitations on federal habeas petitions stemming from state court convictions. Namely, 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Because of Petitioner's pro se status, the prison mailbox rule applies to his state habeas application. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[2] The Court declines to address these grounds amidst the threshold issue of untimeliness.

[3] Respondent also "reserves the right to argue exhaustion and procedural bar, pending the Court's resolution of the time-bar issue." ECF No. 18 at 4.

>   (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

§ 2244(d)(1)(A)-(D). Absent the narrow exceptions of § 2244(d)(1)(B)-(D), a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for postconviction relief is pending in state court. *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019); *see* § 2244(d)(2) (the one-year limitations period is extended or tolled for the time in which "[s]tate post-conviction or other collateral review" proceedings are pending.").

### III. DISCUSSION

The threshold issue before the Court is whether the Petition is time-barred under the AEDPA. Here, because Petitioner did not petition for writ of certiorari to the Supreme Court, his conviction became final September 13, 2021.[4] *See* § 2244(d)(1)(A) ("A decision becomes final

---

[4] Because of the Covid pandemic, the Supreme Court temporarily extended the time to file a petition for writ of certiorari from 90 days to 150 days. *See* Supreme Court Order dated March 19, 2020, rescinded July 19, 2021. Moreover, as the end of the limitations period fell on a Sunday, the limitations period continued to run until the following Monday. *See Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (finding Rule 6(a) of the Federal Rules of Civil Procedure applies to computation of AEDPA's limitations period).

"by the conclusion of direct review or the expiration of the time for seeking such review."). Notably, Petitioner's one-year limitations period was tolled pending his state habeas petition. Because the state habeas petition was filed on August 15, 2022, and pending until January 25, 2023, Petitioner's one-year limitations period extended until February 24, 2023. ECF No. 19-36 at 1-27. The limitation period was extended an additional 25 days to March 21, 2023, while his motion for rehearing was pending. ECF No. 19-45 at 1; *see* § 2244(d)(2).

Petitioner has also failed to show that he is entitled to any equitable tolling of the statute of limitations. A petitioner is entitled to equitable tolling if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted); *Palacios v. Stephens*, 723 F.3d 600, 604 (citing *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (citations omitted)). "[N]either excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citing *Fierro v. Cockrell*, 294 F.3d 674, 682-83 (5th Cir. 2002) (It is "clear that a lack of knowledge of the law, however understandable it may be, does not ordinarily justify equitable tolling.") (citations omitted).

Petitioner does not allege any reasons to support equitable tolling applies, asserting only that he was not given the "C.C.A. white card of denial" until March 13, 2023, and the Northern District of Texas changed its mailing address. ECF No. 1 at 13. Petitioner fails to allege any "extraordinary circumstances" that prevented him from timely filing his claim. Petitioner also did not diligently pursue his rights, delaying nearly one year past the deadline to pursue his federal habeas remedy. Petitioner's petition is time barred.

## IV. CONCLUSION

For the reasons discussed, the petition is **DISMISSED** with prejudice as barred by the applicable statute of limitations.

A certificate of appealability is **DENIED**.

**SO ORDERED** this **19th day** of **December, 2024.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE